IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SUSAN HASCALL,

        Plaintiff,

v.

AB PAC (d/b/a "American Bridge"),

        Defendant.

Civil Action No. 1:24-cv-2366-JEB

## ANSWER TO COMPLAINT

Defendant American Bridge PAC ("AB PAC"), by and through its attorneys, submits the following Answer and Affirmative Defenses to Plaintiff Susan Hascall's Complaint, ECF No. 1. Defendant responds to the allegations in the Complaint as follows:

### THE PARTIES

1. Defendant admits the allegations in Paragraph 1.

2. Paragraph 2 sets out legal conclusions regarding the definition of commerce to which no response is required. To the extent a response is required, Defendant admits that Plaintiff has crossed state lines while traveling for her employment, including to DC no more than three times during the 2.5 years of her employment for organizational meetings and other purposes, including attendance of a holiday party, and to Arizona, Louisiana, and Nevada for political events. Defendant admits that Plaintiff has virtual meetings with AB supervisors and employees who are located in the District of Columbia, although lacks knowledge or information sufficient to form a belief as to the truth of whether those meetings have occurred weekly during the entirety of her employment and therefore denies the same. Defendant admits that Plaintiff sends emails to her direct supervisor who

resides in Iowa and her second level supervisor who now resides in Michigan and previously resided in Washington, DC. Defendant denies the remaining allegations in Paragraph 2.

  3.  Defendant admits that AB PAC is incorporated under the laws of the District of Columbia, maintains an office at 800 Maine Avenue SW, Suite 400, Washington, D.C. 20024, and employs multiple persons at this office during the relevant period.[1] Defendant denies that AB PAC is a 501(c)(4) Political Action Committee.

  4.  Defendant admits that AB PAC hired Plaintiff, sets the terms and conditions of her compensation, generally supervises Plaintiff, pays Plaintiff's wages, maintains Plaintiff's employment records, and has the authority to terminate Plaintiff. Defendant denies that it has engaged in any violations giving rise to this case, that Plaintiff was employed by Defendant within the meaning of the District of Columbia Minimum Wage Revision Act ("DCMWRA") and District of Columbia Wage Payment and Collection Act ("DCWPCL"), and denies the remaining allegations in Paragraph 4.

## SUBJECT MATTER JURISDICTION

  5.  Paragraph 5 sets out legal conclusions regarding jurisdiction to which no response is required. To the extent a response is required, Defendant admits that Plaintiff's claims involve a federal question under the FLSA and does not contest subject matter jurisdiction over Plaintiff's FLSA claim. Defendant denies the remaining allegations in Paragraph 5, including that this Court has supplemental jurisdiction over Plaintiff's District of Columbia law claims.

---

[1] For consistency of usage, Defendant uses the phrase "relevant period" in this Answer to encompass the time frame "from March 2022 and continuing to the present," as Plaintiff did in the Complaint. *See* FAC ¶ 1. Defendant uses this term without making any admission as to whether events throughout this time period are in fact relevant to Plaintiff's claim, given the applicable statute of limitations and related defenses.

## PERSONAL JURISDICTION OVER AB

6. Paragraph 6 sets out legal conclusions regarding specific personal jurisdiction over Defendant to which no response is required. To the extent a response is required, Defendant admits it performs work in the District of Columbia. Defendant denies that it has engaged in any violations giving rise to this case and denies the remaining allegations in Paragraph 6.

7. Paragraph 7 sets out legal conclusions regarding general personal jurisdiction over Defendant to which no response is required. To the extent a response is required, Defendant does not contest that the Court has general personal jurisdiction over Defendant.

## VENUE

8. Defendant admits that it is organized under the laws of the District of Columbia and maintains its headquarters in the district. The remainder of Paragraph 8 sets out legal conclusions regarding venue to which no response is required. To the extent a response is required, does not contest that venue is proper in this district.

## STATEMENT OF FACTS

9. Defendant admits that Plaintiff is currently employed by Defendant, is paid as an employee via Form W-2, and is not an independent contractor of Defendant. The remaining allegations in Paragraph 9 set out legal conclusions to which no response is required. To the extent a response is required, Defendant denies the remaining allegations in Paragraph 9 and specifically denies that Plaintiff is an "employee" within the meaning of the DCMWRA and DCWPCL.

10. Defendant admits the allegations in Paragraph 10.

11. Defendant admits that Plaintiff is employed as a Tracker/Field Political Researcher for AB PAC in Texas. Defendant admits that Plaintiff's job duties include, among other things, identifying politicians' appearance on podcasts, news shows, or other broadcasts; downloading the video or audio of these appearances; generating transcripts of the content; and editing the transcript

3

to correct any errors. Defendant also admits that Plaintiff reviews the transcript and highlights statements concerning specific topics. Defendant admits that Plaintiff sends at least some of her work product to her direct supervisor who works remotely in Iowa. Defendant denies that these represent the entirety of Plaintiff's job responsibilities or constitute her primary duties. Defendant denies the remaining allegations in Paragraph 11.

12. Defendant admits that Plaintiff must identify every public event where a politician that she has been assigned to track is going to speak, which Plaintiff sends to her supervisor. Defendant also admits Plaintiff has attended events in Texas, Arizona, Louisiana, and Nevada. Defendant admits that Plaintiff has taken road trips to attend events, including a road trip of more than approximately 8 hours each way. Defendant admits that at these events Plaintiff recorded a video of the public speaking engagement and generated a transcript, corrected the transcript, and highlighted the transcript, although Defendant denies that this represents the entirety of her responsibilities and denies that Defendant solely directs the topics as to which Plaintiff is to focus. Defendant denies the remaining allegations of Paragraph 12.

13. Paragraph 13 sets out legal conclusions regarding which travel time is compensable work time under federal law. As stated, Defendant denies the allegations in Paragraph 13.

14. Defendant admits that it does not require Trackers to have a specific college degree as a condition of employment. Defendant denies that Plaintiff has little opportunity to exercise judgment or discretion and denies the remaining allegations in Paragraph 14.

15. Defendant admits that Plaintiff is a remote employee who performs her job primarily from her home in Texas except when she travels elsewhere for work, and that she occasionally travels to other states for events. Defendant admits that Plaintiff has traveled to Defendant's offices in the District of Columbia on three occasions for meetings and other purposes. Defendant admits that Plaintiff's direct supervisor performs work from his home in Iowa and that Plaintiff's second level

supervisor previously worked from Defendant's offices in the District of Columbia and now works remotely from his home in Michigan. Defendant admits that Plaintiff communicates with her supervisors by email and participates in virtual meetings with AB PAC staff members, some of whom are located at its headquarters in the District of Columbia. Defendant denies the remaining allegations in Paragraph 15.

16. Defendant admits that it pays Plaintiff on a salary basis, that she does not receive additional, overtime pay, and that it did not inform Plaintiff which specific overtime exemption applies to her. Defendant admits that Plaintiff has received "comp time" pursuant to the Collective Bargaining Agreement when she has worked on the weekend. Defendant denies the remaining allegations in Paragraph 16.

17. Defendant denies that Plaintiff is scheduled or otherwise required to work Monday to Friday from 8:00am to 6:00pm. As a remote employee who works from her home, Plaintiff is not directed to skip or otherwise not take breaks for lunch. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 17, which contain Plaintiff's own estimates, and therefore denies the same.

18. Defendant admits that there are periods where there is a higher density of public and online events, such as primary elections, midterm elections, and general elections in non-midterm years. Defendant denies that any such "heightened schedule" alleged by Plaintiff comprises approximately 35 percent of her weeks while employed. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 18, which include Plaintiff's own estimates, and therefore denies the same.

19. Defendant admits the allegations in Paragraph 19.

20. Defendant admits that Plaintiff has sent communications and work materials during the hours of 8:00am to 6:00pm and that she has traveled to attend events. Defendant denies the remaining allegations in Paragraph 20.

21. Defendant denies that Plaintiff cannot possess her payroll records and that they are in the sole possession of Defendant. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 21 and therefore denies the same.

## COUNT I
## VIOLATIONS OF THE FLSA
### 29 U.S.C. §§ 201 – 216 (b)

22. Defendant incorporates its responses to Paragraphs 1–21.

23. Paragraph 23 contains legal conclusions to which no response is required. To the extent a response is required, Defendant admits that it is Plaintiff's employer of record and otherwise denies the remaining allegations in Paragraph 23.

24. Paragraph 24 contains legal conclusions to which no response is required. To the extent a response is required, Defendant admits that it has suffered or permitted Plaintiff to perform work on its behalf, and otherwise denies the remaining allegations in Paragraph 24.

25. Paragraph 25 contains legal conclusions to which no response is required. To the extent a response is required, Defendant admits factual allegations as set out in this Answer, and otherwise denies the allegations in Paragraph 25.

26. Defendant denies the allegations in Paragraph 26.

27. Defendant denies the allegations in Paragraph 27.

28. Defendant denies the allegations in Paragraph 28.

29. Defendant denies the allegations in Paragraph 29.

30. Defendant denies that Plaintiff's payroll records are in the sole possession and/or control of Defendant. Defendant admits that it does not ask Plaintiff to maintain time records. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 30 and therefore denies the same.

31. Defendant denies the allegations in Paragraph 31.

## COUNT II
### VIOLATIONS OF THE DCMWRA ENFORCED THROUGH THE DCWPCL
D.C. Code §§ 32-1001, *et seq.* and D.C. Code §§ 32-1301, *et seq.*

32. Defendant incorporates its responses to Paragraphs 1–31.

33. Paragraph 33 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 33.

34. Paragraph 34 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 34.

35. Defendant admits that it has employed persons within the District of Columbia during the entire period in which it has employed Plaintiff and that on no more than three occasions over the course of her 2.5 years of employment, Plaintiff traveled from her home state of Texas to the District of Columbia, including to attend organizational meetings and events (including a holiday party), although denies that it required Plaintiff to travel to the District of Columbia for work-related purposes. Defendant denies the remaining allegations in Paragraph 35, including that Plaintiff is a covered employee under the DCWPCL.

36. Paragraph 36 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 36, including the applicability of the DCMWRA and DCWPCL to Plaintiff's employment.

37. Paragraph 37 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 37, including the applicability of the DCMWRA and DCWPCL to Plaintiff's employment.

38. Paragraph 38 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 38, including the applicability of the DCMWRA and DCWPCL to Plaintiff's employment.

39. Paragraph 39 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 39, including the applicability of the DCMWRA and DCWPCL to Plaintiff's employment.

40. Paragraph 40 contains legal conclusions to which no response is required. To the extent a response is required, Defendant does not contest the quoted content of the D.C. Code, which speaks for itself, and denies the remaining allegations in Paragraph 40, including the applicability of the DCMWRA and DCWPCL to Plaintiff's employment.

41. Paragraph 41 contains legal conclusions to which no response is required. To the extent a response is required, Defendant does not contest the quoted content of the D.C. Code, which speaks for itself, and denies the remaining allegations in Paragraph 41 and specifically denies that the overtime provisions of the DCMWRA apply to any employer without geographic limitation.

42. Paragraph 42 contains legal conclusions to which no response is required. To the extent a response is required, Defendant does not contest the quoted content of the D.C. Code and D.C. Minimum Wage Act of 2023, which speaks for itself, and denies the remaining allegations in Paragraph 42 and specifically denies that the overtime provisions of the DCMWRA apply to any employer without geographic limitation.

43. Defendant denies the allegations in Paragraph 43.

44. Defendant denies the allegations in Paragraph 44.

45. Defendant denies the allegations in Paragraph 45.

46. Defendant denies the allegations in Paragraph 46.

47. Defendant denies the allegations in Paragraph 47.

## GENERAL DENIAL

Defendant denies every allegation in the Complaint that is not expressly admitted herein and in response to Plaintiff's request for relief, denies that Plaintiff is entitled to any of the requested relief.

## AFFIRMATIVE DEFENSES

Defendant sets forth its affirmative defenses without assuming the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiff. Nothing stated here is intended to be or shall be construed as an admission that any particular issue or subject matter is relevant to the allegations in the Complaint. Defendant asserts the following affirmative defenses, and Defendant reserves the right to amend or supplement its affirmative defenses as additional facts become known:

1. Plaintiff fails to state a claim upon which relief can be granted.

2. This Court lacks supplemental jurisdiction over Plaintiff's claims.

3. Plaintiff's claim is barred in whole or in part to the extent that the work she performed fell within one or more of the exemptions provided for in the FLSA and its implementing regulations and, assuming its applicability, the DCMWRA.

4. Plaintiff's claims under the DCWPCL are barred in whole or in part because she is not an "employee" within the meaning of the DCMWRA or DCWPCL.

5. Plaintiff was properly paid for all hours worked.

6. Defendant's alleged actions were not willful violation(s) of the FLSA, and therefore the applicable statute of limitations for Plaintiff's claim is two years.

7. Plaintiff is not entitled to liquidated damages pursuant to 29 U.S.C. § 216(b) or the DCWPCL, assuming its applicability, because Defendants acted in good faith and had reasonable grounds for believing that their alleged acts or omissions were not in violation of the FLSA or the DCWPCL.

8. Plaintiff's claim is barred by the doctrines of estoppel, waiver, laches, ratification, and/or acquiescence.

9. Plaintiff cannot recover pre-judgment interest under either the FLSA or the DCWPCL.

## PRAYER FOR RELIEF

Defendant respectfully requests that this Court:

(a) Deny that Plaintiff is entitled to any relief;

(b) Dismiss the Complaint in its entirety and with prejudice;

(c) Award Defendant reasonable attorneys' fees;

(d) Award Defendant the costs of suit incurred; and

(e) Grant such other and further relief as the Court may deem just and proper.

Respectfully submitted, this 10th day of September 2024.

**ELIAS LAW GROUP LLP**

*/s/ Elena A. Rodriguez Armenta*
Elena A. Rodriguez Armenta
(D.C. Bar No. 90018798)
250 Massachusetts Ave NW, Suite 400
Washington, D.C. 20001
Telephone: (202) 968-4490
Facsimile: (202) 968-4498
erodriguezarmenta@elias.law

William B. Stafford (pro hac vice forthcoming)
Lindsay McAleer (pro hac vice forthcoming)
1700 Seventh Ave., Suite 2100
Seattle, WA 98101
Telephone: (206) 656-0176
Facsimile: (206) 656-0180
bstafford@elias.law
lmcaleer@elias.law

*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that this document will be served on the Defendant in accordance with Federal Rule of Civil Procedure 5(a).

*/s/ Elena A. Rodriguez Armenta*
Elena A. Rodriguez Armenta
