**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

SUSAN HASCALL

    *Plaintiff,*

    v.

AB PAC (d/b/a "American Bridge")

    *Defendant*.

Case No.: 1:24-cv-2366

## JOINT MEET AND CONFER REPORT

Plaintiff Susan Hascall ("Plaintiff") and Defendant AB PAC (d/b/a "American Bridge") ("Defendant") (collectively the "Parties") hereby file their Joint Report and Discovery Plan pursuant to Local Civil Rule 16.3, Fed. R. Civ. P. 26(f), and the Court's September 10, 2024, Order following their September 19, 2024, conference. The Parties set forth below a succinct statement of all agreements reached with respect to the 16 matters set forth in Local Rule 16.3(c) and the items set forth in the Court's September 10, 2024, Order, a description of the positions of each party on any matters as to which they disagree, and a proposed scheduling order.

**A.     STATEMENT OF THE CASE AND STATUTORY BASIS FOR ALL CAUSES OF ACTION**

Plaintiff has been employed as a Tracker/Field Political Researcher by Defendant from in, or around, March of 2022 to the present (the "Relevant Period"). Defendant is a not-for-profit Political Action Committee. Plaintiff alleges that Defendant violated the Fair Labor Standards Act ("FLSA"), 29 U.S. C. §§ 201, *et seq*. by failing to pay her an overtime premium for her overtime hours. Plaintiff further alleges that Defendant's failure to pay her an overtime premium for her overtime hours violated the District of Columbia Minimum Wage Revision Act ("DCMWRA"), D.C. Code §§ 32-1001, *et seq.*, as enforced through the District of Columbia Wage Payment Collection Law ("DCPWCL"), D.C. Code §§ 32-1301, *et seq.*

1

**B.      THEORIES OF LIABILITY AND DEFENSES KNOWN**

**Plaintiff:**

Plaintiff claims that she was an "employee" of Defendant, and that Defendant was her "employer," within the meaning of the FLSA, the DCMWRA, and the DCWPCL. Plaintiff was individually covered under the FLSA because she used the instrumentalities of interstate commerce for her work within the meaning of the FLSA. Defendant employed Plaintiff as a Tracker/Field Political and misclassified her as being exempt from the overtime provisions of the FLSA, and by extension the DCMWRA, which imports the FLSA's primary exemptions under D.C. Code § 32-1004(a)(1). Plaintiff typically worked between 47-50 hours per week, except for during the higher intensity periods around primaries, midterm elections, and general elections, when she worked an average of 60-65 hours per week. Plaintiff estimates that she worked this higher intensity schedule on 35 percent of her weeks.

Defendant knew, or should have known, that Plaintiff was working these hours because Plaintiff frequently sent work communications to Defendant's managers after normal business hours, Defendant's managers frequently directed her to perform work on the weekend, and Defendant even occasionally provided Plaintiff with "comp time" for her weekend work. Defendant never paid Plaintiff an overtime premium for every hour over 40 that she worked in a given week. Instead, Defendant always paid Plaintiff her base salary for all hours worked.

**Defendant:**

Defendant has employed Plaintiff from March 1, 2022, to the present as a Tracker/Field Researcher based in Texas. During this time, Plaintiff has been compensated on a salary basis and properly classified as exempt from overtime pay under the administrative exemption. Plaintiff is not scheduled to work a specific shift, nor is she prevented from taking breaks during the workday. Plaintiff is also not scheduled to work in excess of 40 hours per week, or routinely required to

work in excess of 40 hours per week. Further, Defendant denies that Plaintiff is an "employee" within the meaning of the DCMWRA or DCWPCL or otherwise subject to the District of Columbia's employment laws because Plaintiff is based out of, and working in, Texas. In any event, and even presuming the inapplicability of an exemption, Defendant has at all times acted in good faith and has reasonable grounds for believing its alleged acts or omissions were not in violation of the FLSA and/or the DCMWRA or DCWPCL.

**C.      DAMAGES SOUGHT BY ALL PARTIES**

Plaintiff seeks her unpaid overtime premiums, and liquidated damages under both the FLSA and DCWPCL, from March of 2022 to the present.

**D.      MATTERS SET FORTH IN LOCAL CIV. R. 16(c)**

[1] Dispositive Motions: The Parties believe that the disputed issues in this matter may be disposed of, either partially, or wholly, by dispositive motion.

[6] Schedule for Dispositive Motions: The Parties agree that the Court should set a schedule for a summary judgment briefing at a post-discovery status conference.

[2] Joinder of Parties and Amendment of Pleadings: The Parties request that the Court set December 9, 2024, as the deadline to amend pleadings and add parties.

[3] Consent to Proceed before a Magistrate Judge: There is no unanimous consent for this case to be assigned to a magistrate judge.

[4] Probabilities of Settlement: The Parties believe that there is a realistic possibility of settling the case at this time.

[5] Alternative Dispute Resolution: The Parties have not yet engaged in settlement talks, but intend to explore direct settlement negotiations over the course of this matter. The Parties are interested in exploring alternative dispute resolution should direct settlement discussions fail. The

Parties believe that referral to a judge for mediation would be most appropriate after the end of discovery.

[7] Initial Disclosures: The Parties do not agree to dispose with initial disclosures and agree that the initial disclosures be due on November 22, 2024.

[8] Discovery: The Parties anticipate that discovery cover the topics set out in their proposed Discovery Plan, as described in Section D. The Parties anticipate submitting a Stipulated Protective Order. Defendant shall prepare this order for Plaintiff's consideration.

[9] Electronically Stored Information: The Parties discussed discovery and the preservation of electronically stored information, as described in Section D.

[10] Privilege: The Parties anticipate submitting a Stipulated Privilege Order. Plaintiff shall prepare this order for Defendant's consideration.

[11] Expert Witnesses: The Parties do not believe the requirement of exchange of expert witness reports and information pursuant to Fed. R. Civ. P. 26(a)(2) should be modified. Defendant does not anticipate any expert testimony, although reserves the right to call a rebuttal expert. The Parties propose waiting until the end of fact discovery to determine if expert discovery is needed and, if so, meeting and conferring to propose a schedule for expert discovery at that time.

[12] Class Actions: This case does not involve a class action.

[13] Bifurcation of Discovery: The Parties see no need for bifurcation for discovery.

[14] Pretrial Conference: The Parties propose that a pretrial conference be held following resolution of all dispositive motions filed with the Court.

[15] Trial Date: The Parties propose that the trial date should be set at the pretrial conference after the resolution of dispositive motions.

[16] Other Matters: The Parties are not aware of any other matters to be drawn to the Court's attention at this time for purposes of inclusion in a scheduling order.

## D.     DISCOVERY PLAN

The Parties anticipate conducting discovery on subjects related to the issues raised in Plaintiff's Complaint, which include, but are not limited to: Plaintiff's basis for alleging violations of the FLSA and the DCMWRA, as enforced through the DCWPCL, and defenses to the alleged violations, Plaintiff's job duties; the hours Plaintiff worked for Defendant during the relevant time period, any exemptions to the overtime requirements of the FLSA and DCMWRA that Defendant claims applied to Plaintiff, Plaintiff's hours worked and whether Defendant had actual or constructive knowledge of Plaintiff's hours worked.

The Parties will engage in written discovery and will take depositions. The number and length of the depositions will be governed only by the general civil rules under Fed. R. Civ. P. 30. The Parties have agreed to complete non-expert discovery by May 21, 2025. All discovery matters will be governed by the applicable rules.

ESI: The Parties continue to discuss the issue of the protocol for the production of electronically stored information (ESI) in discovery. The Parties agree to meet and confer in good faith as necessary to resolve any disputes.

Expert Witnesses: The Parties propose waiting until the end of fact discovery to determine if expert discovery is needed and, if so, meeting and conferring to propose a schedule for expert discovery at that time.

Witnesses to be Deposed: Plaintiff anticipates deposing her supervisors, as well as her similarly situated co-workers. At this time, prior to the exchange of initial disclosures, Defendant anticipates deposing Plaintiff.

Subpoenas to be Served: Plaintiff intends to serve a subpoena for her cellphone records for her payroll records. She also intends to serve a subpoena for the electronically stored information associated with her Slack account, and as well as the electronically stored information for any of her other work-related accounts maintained by third-party providers.

At this time, prior to the exchange of initial disclosures, Defendant does not anticipate serving a third-party subpoena.

Dated:  October 2, 2024

Respectfully submitted,

/s/Suvita Melehy
Suvita Melehy
DC Bar No.: 457435
Melehy & Associates, LLC
8403 Colesville Rd., Suite 610
Silver Spring, MD 20910
Telephone: (301) 587-6364
smelehy@melehylaw.com


/s/Alexandre Todorov
Alexandre (Sasho) Todorov
DC Bar No.: 1697453
Melehy & Associates, LLC
8403 Colesville Rd., Suite 610
Silver Spring, MD 20910
Telephone: (301) 587-6364
stodorov@melehylaw.com

*Counsel for Plaintiff*

/s/ (with permission of)
Elena A. Rodriguez Armenta, Esq.
D.C. Bar No. 90018798
Elias Law Group, LLP
250 Massachusetts Ave. NW, Suite 400
Washington, D.C. 20001
Telephone: (202) 968-4490
erodriguezarmenta@elias.law


/s/ (with permission of)
William B. Stafford, Esq.
*Appearing Pro Hac Vice*
Elias Law Group, LLP
1700 Seventh Ave., Suite 2100
Seattle, WA 98101
Telephone: (206) 656-0176
bstafford@elias.law


/s/ (with permission of)
Lindsay McAleer, Esq.
*Appearing Pro Hac Vice*
Elias Law Group, LLP
1700 Seventh Ave., Suite 2100
Seattle, WA 98101
Telephone: (206) 656-0176
lmcaleer@elias.law

*Counsel for Defendant*